■ EDWARD A. LIPTON et al., Appellants, v. WINFIELD R. BRUCE, Respondent.— Appeal from an order of the Supreme Court, Broome County, denying the appellants' motion to punish the respondent for contempt.. These same parties have twice been to the Court of Appeals with their litigation. (1 N Y 2d 631, 4 N Y 2d 975.) The present motion to punish for contempt is based on the alleged failure of the respondent to remove a cottage in compliance with the judgment which has been entered upon the determinations in the Court of Appeals. The court below denied the motion finding that the respondent's cottage is located on land owned by the State of New York between the blue line and the shore of De Ruyter Reservoir and that it is there pursuant to a permit from the State of New York. The court was free to determine, as it did, that the cottage of which the appellants seek removal is not located on land owned by them. Although the Court of Appeals decisions have held that the appellants own one acre of land which borders on the blue line and that the blue line was established on the first trial, no holding was made as to the position of respondent's cottage with reference to this blue line. Furthermore the appellants are incorrect in their assertion that it has been determined that they have the right of access to De Ruyter Reservoir. Although the first Court of Appeals opinion states that it was the intent of the original conveyance of the acre of land to afford access to the waters of the reservoir (1 N Y 2d 631, 638), such an intent could not, of course, create rights as to this acre of land which did not theretofore exist. The State acquired the land for the reservoir by appropriation. No right of access to the reservoir was reserved. It is admitted that there is a strip of land between the blue line and the reservoir which is never flooded. The appellants' acre of land borders on the blue line and not on the reservoir and the court below, in our view, correctly held that they have no riparian rights as to the reservoir. Order unanimously affirmed, with $10 costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.